# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                            Case No. 17-CR-173

**TIMOTHY OLSON**,

    Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

The United States of America and the defendant, Timothy Olson, appeared before me on November 6, 2017, for a change of plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See* Court Minutes for Change of Plea Hearing, ECF No. 5. Mr. Olson, who was represented by counsel at the hearing, consented to my conducting the change of plea colloquy. I explained that it would be for United States District Judge J.P. Stadtmueller alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Stadtmueller.

After Mr. Olson was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. Olson was lucid, intelligent, and not under the influence of any intoxicants or substances.

I then discussed in detail each of the subjects specified in Rule 11, including the rights Mr. Olson would surrender by entering a plea of guilty, the maximum penalties associated with the charged offenses, and the authority of the sentencing judge to disregard any recommendations in the Plea Agreement, ECF No. 2, and to sentence Mr. Olson at the statutory maximums. Mr. Olson fully understood the rights he was surrendering and the implications of pleading guilty. Mr. Olson also was satisfied that he had received effective assistance of counsel.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the Plea Agreement. I found that there was an independent factual basis containing each of the essential elements of Count One of the Information, ECF No. 1, to which Mr. Olson was pleading guilty. Mr. Olson advised that he was pleading guilty to the charged offense because he was, in fact, guilty and that the United States could prove beyond a reasonable doubt that he was guilty of the charged offense. Finally, I found that, in responding to my questions, Mr. Olson was candid, respectful, and non-evasive, fully accepting responsibility, as that term is used in the Sentencing Guidelines, for and acknowledging the unlawfulness of his conduct.

Finally, the parties moved under Fed. R. Crim. P. 32(c)(1)(A)(ii) to forgo presentence investigation and preparation of a presentence report. The parties stated that that the record in this case, which includes a detailed recitation in the plea agreement of the facts supporting a guilty plea and will be supplemented further by proffer at sentencing, will enable the District Court to meaningfully exercise its

sentencing authority. For the following reasons, I believe the request not to prepare a presentence report should be granted: (1) both parties are seeking this process; (2) counsel for the United States and for defendant are highly experienced and sophisticated; (3) the ends of justice would be satisfied given the fullness of the record as it exists now and will be further developed at sentencing and given the passage of time since the charged conduct occurred (October of 2007), and (4) the ends of efficiency will be served in that a presentence investigation and report, a time-consuming and laborious undertaking, will not materially affect the ability of the District Court to exercise its sentencing authority.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Timothy Olson's plea of guilty be accepted; that a presentence investigation and report **not** be prepared pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii); and that Mr. Olson be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge